IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TODD TOLLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAFRANCE SERVICE CENTER, INC. a | ) |
| Domestic corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

NOW COMES the Plaintiff, TODD TOLLER, by his attorneys, TOUHY, TOUHY & BUEHLER and DITOMMASO-LUBIN, and complaining of the Defendant, LAFRANCE SERVICE CENTER, INC. (hereinafter referred to as the "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for unpaid wages, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief. This action is brought under the Illinois Minimum Wage Act, ("IMWA"), 820 ILCS §105/4a *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. The Court has original jurisdiction under 28 U.S.C. §1331 and §1367.

3. The Court has supplemental jurisdiction over the state law claim.

4. Venue is appropriate under 28 U.S.C. §1391.

## PARTIES

5. Plaintiff Todd Toller ("Toller") is a citizen and resident of Hammond, Indiana. Toller has been employed by the Defendant for the past several years to the present date.

6. The Defendant is a Domestic corporation headquartered in Dolton, Illinois. The Defendant operates an auto service and repair shop in Dolton, Illinois.

7. Defendant managed Plaintiff's work and dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of the Plaintiff.

## GENERAL ALLEGATIONS

8. This action is brought to recover unpaid compensation, statutory penalties and damages owed to Plaintiff.

9. During the statutory period, each week that Plaintiff worked over forty hours per week, he was not paid appropriate compensation because he was not paid overtime as mandated by law. Plaintiff kept a record of his time worked and was paid his hourly rate for all hours worked, but he was not paid for the work he did in excess of forty hours in any given week.

10. Defendant paid Toller $330 a week, or $8.25 per hour for forty hours, even when Toller worked more than forty hours. In a typical week, Toller worked between 45-50 hours.

11. These practices violate applicable provisions of the Illinois Wage Payment and Collection Act. As a result of this unlawful practice, Plaintiff suffered a loss of wages.

12. Defendant failed to pay wages and benefits relating to those unpaid wages to Plaintiff.

## COUNT I
## UNPAID WAGES UNDER THE IWPCA

13. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

14. Illinois law requires that an employee be paid all wages due. Plaintiff did not receive payment for all overtime hours worked and did not receive all wages due and owing. Moreover, if the Defendant sponsored a plan, program and/or arrangement which covered the Plaintiff, and which required payments to or on account of benefits under the plan that were

2

related to all compensation due to him, then Plaintiff did not receive all benefits due in violation of the foregoing laws.

15. The foregoing actions of Defendant constitute violations of the IWPCA. Defendant's actions were willful and not in good faith.

16. Defendant is liable to Plaintiff for actual damages, equitable relief and any other damages awarded by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendant and in his favor for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Award compensatory damages, including all wages owed, in an amount according to proof;

B. Award interest on all wages due accruing from the date such amounts were due;

C. All costs and attorney's fees incurred prosecuting this claim;

D. For such further relief as the Court deems just and equitable.

## **COUNT II**
## **UNCOMPENSATED TIME UNDER THE FLSA**

17. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

18. Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff has a right to be compensated for all overtime work time spent at the direction of, and for the benefit of, his employer, Impact Body Works.

19. By failing to pay Plaintiff for these overtime hours, Defendant violated the FLSA.

20. Defendant is liable to Plaintiff for actual damages, equitable relief and any other damages awarded by this court.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, by his attorneys, demands judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate him for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Declare and find that the Defendant violated applicable federal law by failing to pay all wages due to the Plaintiff;

C. Award compensatory damages, including all wages owed, in an amount according to proof;

D. Award liquidated damages on all wages found to be due owing;

E. All costs and attorney's fees incurred prosecuting this claim;

F. For such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.


Dated: February 11, 2015                     Respectfully Submitted,


                                                                  s/Terrence Buehler
                                                                   ONE OF THE ATTORNEYS FOR PLAINTIFF


| | |
|---|---|
| Peter Lubin | Terrence Buehler |
| Vincent DiTommaso | Touhy, Touhy & Buehler, LLP |
| DiTommaso-Lubin P.C. | 55 W. Wacker Drive Suite 1400 |
| 17W 220 22nd Street, Suite 200 | Chicago IL 60601 |
| Oakbrook Terrace, Illinois 60181 | (312) 372-2209 |
| (630) 333-0000 | (312) 456-3838 (facsimile) |
| (630) 333-0333 (facsimile) | |